JAMES H. WILSON vs. NATHANIEL M. WHITMORE.

Bristol.    Oct. 29, 1885. — Jan. 8, 1886.    FIELD & C. ALLEN, JJ.,
absent.

A. was surety on three promissory notes made by B., in which C. was beneficially
interested. An action had been begun upon them, and, B. having gone into
bankruptcy, they had been proved against his estate. A., after some negotia-
tion with C. about a compromise and settlement of his liability, paid a sum,
which was much less than the amount of the notes, and received back an agree-
ment, by which C. as principal, and the other owner and the holder of the notes
as sureties, agreed to indemnify and save harmless A. from the notes, and from
any judgment upon the same. The agreement continued as follows: "It is
expressly agreed that said sum paid by A. is not in part payment of said notes,
or either of them, and is not to be applied in any manner to diminish or affect
said notes, or the liability of said principal or sureties, but the same is paid by
A. and received by C. as the consideration of this indemnity." Subsequently
the creditors of B. formed a corporation, and purchased his business by leave of
court. A. then brought an action against C., on the ground that the result of
that transaction and of his payment had been to give C. enough more than the
full amount of his debt to enable him to reimburse A. to the extent of such pay-
ment. *Held*, that the action could not be maintained.

HOLMES, J.   This is an action of contract brought by a surety
to compel the creditor to reimburse him to the extent of a pay-
ment made by the surety, on the ground that the defendant has
received that amount in excess of his debt. The facts admitted
or offered to be proved, which are material to our decision, are
as follows. The plaintiff was surety on three promissory notes
made by the Sagamore Mills, amounting to $50,000, in which
the defendant was beneficially interested. A suit had been
begun upon them, and, the maker having gone into bankruptcy,
they had been proved against its estate. The plaintiff, after
some previous talk with the defendant about a compromise and
settlement of his liability, paid $6613, and received back an
agreement, by which the defendant as principal, and the other
owner and the holder of the notes as sureties, agreed to indem-
nify and save harmless the plaintiff from the notes, and from
any judgment upon the same.

The agreement continued, " It is expressly agreed that said
sum paid by said Wilson is not in part payment of said notes,
or either of them, and is not to be applied in any manner to
diminish or affect said notes, or the liability of said principal

or sureties, but the same is paid by said Wilson and received by said Nath. Whitmore as the consideration of this indemnity."

Subsequently, the creditors of the maker formed a corporation, and purchased its business by leave of court. The details of the proceedings and the defence based upon them need not be gone into, in the view we take of the above agreement. It is enough to state that the plaintiff says that the result of the transaction, and of his payment just stated, has been to give the defendant enough more than the full amount of his debt to enable him to reimburse the plaintiff. The court below ruled that the plaintiff could not recover; directed a verdict for the defendant; and reported the case.

In spite of the able argument of the counsel for the plaintiff, we think it clear that the plaintiff is concluded by the terms of the document which he accepted from the defendant. We do not doubt that the purpose of the plaintiff's payment was to relieve him from liability upon these notes. But the mode in which, and the terms upon which, it should do so, were subject to the agreement of the parties. They made their bargain, and we cannot make a new one for them. That bargain was, that the plaintiff would pay a fixed sum, much less than his liability, for a covenant that he should not be troubled further. By the express terms of it, the money was not paid or received upon the notes, but as the consideration of the defendant's covenant for indemnity.                               *Verdict to stand.*

*J. M. Morton & H. A. Dubuque*, for the plaintiff.

*H. K. Braley*, for the defendant.